MARY K. ALEJANDRO
Acting Regional Solicitor
DANIELLE L. JABERG
Counsel for ERISA
CA State Bar No. 256653
IAN ELIASOPH
Counsel for Civil Rights
Email: eliasoph.ian@dol.gov
CA State Bar No. 227557
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California  94103
Telephone (415) 625-7740
Fax (415) 625-7772

Attorneys for Plaintiff,
United States Department of Labor

JS 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHANNON LESLIE STUART, an individual; STEVEN JOHN SCHMITZ, an individual; and S.J. BURKHARDT, INC. EMPLOYEES' PROFIT SHARING PLAN, an employee benefit plan,<br>　　　　　　　Defendants. | CASE NO.:<br>CV 10-7914 VBF(AGRx)<br>CV 11-1409 VBF<br><br>CONSENT JUDGMENT & ORDER AGAINST DEFENDANTS SHANNON LESLIE STUART AND S.J. BURKHARDT, INC. EMPLOYEES' PROFIT SHARING PLAN |

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to her authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants SHANNON LESLIE STUART, an individual,

1  STEVEN JOHN SCHMITZ, an individual, and S.J. BURKHARDT, INC.
2  EMPLOYEES' PROFIT SHARING PLAN, an employee benefit plan.

    A.    The Secretary, SHANNON LESLIE STUART ("Stuart") and the S.J. BURKHARDT, INC. EMPLOYEES' PROFIT SHARING PLAN ("Plan") (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

    B.    The parties agree to the entry of this Consent Judgment & Order. The parties further agree that this Consent Judgment & Order shall fully settle all claims of the Secretary asserted in the Complaint against Stuart filed in this matter.

    C.    Defendant Stuart neither admits nor denies the allegations made in the Secretary's Complaint filed in this matter.

It is ORDERED, ADJUDGED AND DECREED that:

    A.    Defendant Stuart is permanently enjoined from violating the provisions of Title I of ERISA.

    B.    Except as provided in Subparagraphs i. and ii. of this Paragraph, Defendant Stuart is hereby permanently enjoined from serving as a fiduciary or service provider to any ERISA-covered plan.

        i.    With regard to the Plan, Defendant Stuart shall be removed as Plan fiduciary and service provider at the time an Independent Fiduciary is appointed by this Court as provided below.

        ii.    With regard to the ERISA-covered SJB 401(k) Plan (which is named in an entirely separate action brought by the Secretary in this Court, Case No. CV-11-06443 JAK (DTBx)), Defendant Stuart agrees to stipulate to any motion, or not to contest any action ("Stipulated Motion"), brought by the Secretary to the extent that the motion or action seeks his removal as a fiduciary or service

        provider to the SJB 401(k) Plan and requests the appointment of an Independent Fiduciary selected by the Secretary. The Secretary reserves the right to seek reimbursement for the costs of the Independent Fiduciary on behalf of the SJB 401(k) Plan; however, the Secretary will not request such relief in the Stipulated Motion or action described in this Subparagraph.

C.   Defendant Stuart is enjoined from causing any assets to be removed from any account holding assets of the Plan. Within seven days of entry, the Secretary shall serve a copy of this Consent Judgment & Order on the custodian of the assets of the Plan and such custodian shall refrain from distributing Plan assets until receiving further instructions from an Independent Fiduciary appointed by this Court.

D.   Defendant Stuart is a participant in the Plan. The Plan is hereby amended to provide for the following: "An offset to a participant's accrued benefit, or an offset to a participant's individual account, against an amount that the participant is ordered or required to pay the Plan with respect to a judgment, order, or decree issued, or a settlement entered into, shall be permitted." This Consent Judgment & Order shall be attached to the Plan document as an amendment. Defendant Stuart agrees to offset his account balance to pay the expenses and costs associated with the Independent Fiduciary against his accrued benefit in the Plan. At the time the Independent Fiduciary is appointed, he or she shall set off the individual account balance of Defendant Stuart, if any, in the amount of $35,000 to cover the reasonable fees and expenses of the Independent Fiduciary, as authorized by 29 U.S.C. § 1056(d)(4). If the reasonable fees and expenses of the Independent Fiduciary exceeds $35,000, the Plan shall pay the remainder. If the reasonable fees of the Independent Fiduciary are less than $35,000, the remainder shall be distributed to the Plan participants, except not Stuart, on a pro rata basis.

  E.  The Plan is hereby amended to allow Stuart to take an early distribution of up to $20,000 from his accrued benefit. The Independent Fiduciary shall approve such distribution upon Stuart's submission of a claim for benefits. All other distributions shall take place as determined by the Independent Fiduciary.

  F.  An Independent Fiduciary shall be appointed by this Court to manage and administer the Plan in accordance with ERISA for the benefit of the Plan's participants and beneficiaries. The Secretary shall have thirty days after the entry of this Consent Judgment & Order to submit a motion to this Court seeking such appointment. The Plan may pay the reasonable fees and expenses of the Independent Fiduciary as set forth by Order of this Court.

  G.  Once appointed, the Independent Fiduciary shall have sole responsibility for administering the Plan and shall have the following powers, duties and responsibilities:

    1.  The Independent Fiduciary shall have full fiduciary authority and shall have all the powers, rights, discretion, and duties of a trustee, fiduciary, and Plan Administrator under ERISA;

    2.  The Independent Fiduciary's responsibilities shall include, but shall not be limited to, establishment or continuation of trust accounts for the benefit of the Plan's participants and beneficiaries, communication with participants regarding their account disbursement options, collection of any necessary information from those persons or entities in custody of such information including bankruptcy trustees, and calculation of the participants' and beneficiaries' account balances;

    3.  The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage the Plan's assets for the benefit of the eligible participants and beneficiaries who are entitled to receive such assets, until

such time that the Plan's assets are distributed to those participants and beneficiaries;

4. The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant or beneficiary who is eligible to receive a distribution under the terms of the Plan. Further, the Independent Fiduciary shall make distributions to each eligible participant and beneficiary of the Plan, except as provided in Paragraph F above;

5. The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including information and records maintained by the Plan's custodial trustee, service providers, and Defendant Stuart;

6. Defendant Stuart shall fully cooperate with all reasonable requests by the Independent Fiduciary to facilitate the administration, liquidation and/or termination of the Plan;

7. As soon as administratively practicable after appointment, the Independent Fiduciary shall provide for the orderly termination and liquidation of the Plan, including making all distributions and/or rollovers to the participants and beneficiaries;

8. The Independent Fiduciary shall have full authority to amend the Plan as necessary to effectuate its termination and the processing of all participant distributions; and

9. The Independent Fiduciary shall provide to the Secretary any and all information she requests concerning the Plan, including but not limited to information concerning the assets remaining in the plan and the status of distributions.

H. Following the entry of this Consent Order & Judgment, the Secretary shall assess a civil penalty against Defendant Stuart in an amount equal to twenty percent of the applicable recovery amount pursuant to ERISA § 502(l), 29

U.S.C. § 1132(l). Defendant Stuart reserves all rights to contest the assessment and calculation of any civil penalty assessed under ERISA § 502(l), 29 U.S.C. § 1132(l), and to petition the Secretary for a waiver or reduction of such civil penalty. This Court shall retain jurisdiction for purposes of enforcing compliance with the terms of this Order.

I. Defendant Stuart expressly waives any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

J. The parties shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

K. Defendant Stuart represents that there is no person who claims or who may claim through Defendant Stuart, any interest in any amounts restored to the Plan under this Consent Judgment and Order, and therefore, no spousal waiver is necessary.

L. Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

M. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

N. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

The Court directs the entry of this Consent Judgment & Order as a final order.

IT IS SO ORDERED.

Dated: ___1/25/12___   _____/s/ Dale S. Fischer_____
United States District Judge

Entry of this Consent Judgment & Order is hereby consented to:

Dated: Jan. 20, 2012

M. PATRICIA SMITH
Solicitor of Labor

MARY K. ALEJANDRO
Acting Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

By: /s/ Ian H. Eliasoph
    IAN H. ELIASOPH
    Counsel for Civil Rights

Attorneys for HILDA L. SOLIS,
Secretary of Labor,
United States Department of Labor

Dated: Jan. 20, 2012     /s/ S. L. Stuart
    SHANNON LESLIE STUART